**UNITED STATES BANKRUPTCY COURT**
DISTRICT OF NEW JERSEY
M.L. KING, JR. FEDERAL BUILDING
50 WALNUT ST., 3RD FLOOR
NEWARK, NEW JERSEY 07102

DONALD H. STECKROTH  (973) 645-4693
BANKRUPTCY JUDGE  Fax: (973) 645-2606

**NOT FOR PUBLICATION**

August 16, 2010

FILED
JAMES J. WALDRON, CLERK

**AUG. 16, 2010**

U.S. BANKRUPTCY COURT
NEWARK, N.J.

BY: s/ Ronnie Plasner, DEPUTY

**LETTER OPINION**
**ORIGINAL FILED WITH THE CLERK OF THE COURT**

Ralph A. Ferro, Jr., Law Office
Ralph A. Ferro, Jr., Esq.
245 Paterson Avenue, Suite 2
Little Falls, New Jersey 07424
*Counsel for Debtor/Plaintiff*

Law Office of Kathleen R. Wall
Kathleen R. Wall, Esq.
2640 Highway 70
Manasquan, New Jersey 08736
*Counsel for Defendants,*
*Johnny on the Spot Inc. and Kathleen R. Wall*

Re:   **Lupo v. Johnny on the Spot Inc., et al.**
        **Adv. Pro. No. 09-02388 (DHS)**

Dear Counsel:

      Before the Court is a motion for summary judgment by Defendants Kathleen R. Wall ("Wall"), Johnny On the Spot, and John Does #1 through 5 ("Defendants") who are prepetition judgment creditors of discharged chapter 7 debtor Ronald J. Lupo, ("Debtor"). The Debtor commenced this adversary proceeding to recover damages for alleged violations of the discharge injunction in § 524 of the Bankruptcy Code. 11 U.S.C. § 524. For the reasons that follow, the Court finds that actions taken by the Defendants after the Debtor's discharge to collect on their prepetition judgment did violate the provisions of § 524 and thus summary judgment is granted against the Defendants and in favor of the Debtor.

Page 2
August 16, 2010

## FACTS

The relevant facts are not in dispute. On May 23, 2008, Johnny on the Spot obtained a judgment in the state court against Ronald J. Lupo in the amount of $1,130.75. The judgment was docketed by the Superior Court of New Jersey, Bergen County Law Division, Special Civil Part, on July 1, 2008. Soon thereafter, on July 29, 2008, the Debtor filed a voluntary petition for relief under chapter 7 of the Bankruptcy Code. The Debtor did not own any real estate at the time of the filing and received a discharge in bankruptcy under § 727 on October 24, 2008. On December 9, 2008, after the discharge date, Wall issued a writ of execution to the Bergen County Sheriff to levy on the Debtor's real property only. The Sheriff, however, first attempted to levy on the Debtor's personal property as required by New Jersey statute. On April 21, 2009, Wall again instructed the Bergen County Sheriff to levy on the real estate. The levy was made on September 16, 2009.

## DISCUSSION

### I.    Summary Judgment Standard

A court may grant summary judgment under Federal Rule of Civil Procedure 56(c), made applicable to adversary proceedings by Federal Rule of Bankruptcy Procedure 7056, "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Id.* At the summary judgment stage, the role of the court "is not to weigh evidence, but to determine whether there is a genuine issue for trial." *Knauss v. Dwek*, 289 F. Supp. 2d 546, 549 (D.N.J. 2003) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986)). The court must construe facts and inferences in a light most favorable to the non-moving party. *See Am. Marine Rail NJ, LLC v. City of Bayonne*, 289 F. Supp. 2d 569, 578 (D.N.J. 2003) (citing *Matsushita Elec. Indus. Co., Ltd. V. Zenith Radio Corp.*, 475 U.S. 574, 587-88 (1986)). "Only evidence admissible at trial may be used to test a summary judgment motion. Thus, evidence whose foundation is deficient must be excluded from consideration." *Williams v. Borough of West Chester, Pa.*, 891 F.2d 458, 471 (3d Cir. 1989) (citations omitted).

The moving party must make an initial showing that there is no genuine issue of material fact. *See Knauss*, 289 F. Supp. 2d at 549 (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). The burden then shifts to the non-moving party to "'make a showing sufficient to establish the existence of [every] element essential to the party's case, and on which that party will bear the burden of proof at trial.'" *Cardenas v. Massey*, 269 F.3d 251, 254-55 (3d Cir. 2001) (questioned on other grounds) (quoting *Celotex Corp.*, 477 U.S. at 322). The "mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson*, 477 U.S. at 247-48. An issue of fact is "genuine" if a

Page 3
August 16, 2010

reasonable juror could return a verdict for the non-moving party. *See id.* At 248. Furthermore, a material fact is determined by the substantive law at issue. *See Crane v. Yurick*, 287 F. Supp. 2d 553, 556 (D.N.J. 2003) (citing *Anderson*, 477 U.S. at 248). A fact is "material" if it might affect the outcome of the suit under governing law. *Id.* Disputes over irrelevant or unnecessary facts are insufficient to defeat a motion for summary judgment. *Anderson*, 477 U.S. at 248 (citation omitted).

However, even if material facts remain disputed, summary judgment may be proper if, after all inferences are drawn in the non-moving party's favor, the moving party is entitled to judgment as a matter of law. *Id.* At 248-50. Such a judgment is appropriate "as a matter of law" when the non-moving party has failed to make an adequate showing on an essential element of his or her case, as to which he or she has the burden of proof. *See Celotex Corp.*, 477 U.S. at 322-23. When one party moves the court for summary judgment, Federal Rules of Civil Procedure 54(c) and 56, taken together, permit the court to enter summary judgment on behalf of the non-movant, even if the non-movant has not filed a cross-motion for summary judgment. *See Peiffer v. Lebanon Sch. Dist.*, 673 F. Supp. 147, 151-52 (M.D. Pa. 1987) (citation omitted). On the other hand, a court must deny a motion for summary judgment when a genuine issue of material fact remains to be tried or where the moving party is not entitled to a judgment as a matter of law.

## II.    Automatic Stay and Discharge Injunction

Under § 362, the commencement of a case under the Bankruptcy Code imposes an injunction against, *inter alia*,

> (2) the enforcement, against the debtor or against property of the estate, of a judgment obtained before the commencement of the case under this title; [and]
>
> . . . .
>
> (4) any act to create, perfect, or enforce any lien against property of the estate.

11 U.S.C. § 362. Under § 727, "a discharge [in chapter 7] discharges the debtor from all debts that arose before the date of the order for relief under this chapter." 11 U.S.C. § 727. Upon discharge, § 524

> voids any judgment at any time obtained, to the extent that such judgment is a determination of the personal liability of the debtor with respect to any debt discharged under section 727 . . . ; [and]

Page 4
August 16, 2010

> *operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any such debt as a personal liability of the debtor.*

11 U.S.C. § 524 (emphasis added).

### III.  Judicial Liens Under New Jersey Law

"In New Jersey, a judgment becomes a lien on all of a debtor's real property located in the state when it is recorded on the docket of the Clerk of the Superior Court." *In re Hamilton*, 286 B.R. 291, 292 (Bankr. D.N.J. 2002) (citing N.J. Stat. Ann. § 2A:16-1 (West 2000); N.J. Stat. Ann. § 2A:17-17 (West 2000); In re Blease, 605 F.2d 97, 98 (3d Cir. 1979); *Italiano v. Palese (In re Italiano)*, 66 B.R. 468, 476 (Bankr. D.N.J. 1986); *New Brunswick Savings Bank v. Markouski*, 123 N.J. 402, 587 A.2d 1265, 1269-70 (N.J. 1991)). To obtain a lien on a debtor's personal property, a judgment creditor must obtain a writ of execution and direct the sheriff to levy on the property. *Id.* (citing *Blease*, 605 F.2d at 98; *Italiano*, 66 B.R. at 476; *Vineland Savings & Loan Ass'n v. Felmey*, 12 N.J. Super. 384, 393, 79 A.2d 714 (Ch. Div. 1950)). In the instant case, as in *Hamilton*, the Debtor did not own any real property on the petition date and the judgment creditor had not perfected its lien on the Debtor's personal property by sheriff's levy. Therefore, on the filing date, the Defendants were simply general unsecured creditors whose debt was subject to discharge. *Id.* at 293. Pursuant to § 524, upon the Debtor's discharge, the docketed judgment was voided, negating any basis for the creditors to assert an interest in the Debtor's property. *Id.*

### IV.  New Jersey Statute 2A:16-49.1

The Defendants rely entirely on New Jersey Statute 2A:16-49.1, which states in relevant part

> At any time after 1 year has elapsed, since a bankrupt was discharged from his debts, pursuant to the acts of Congress relating to bankruptcy, he may apply, upon proof of his discharge, to the court in which a judgment was rendered against him, or to the court of which it has become a judgment by docketing it, or filing a transcript thereof, for an order directing the judgment to be canceled and discharged of record. If it appears upon the hearing that he has been discharged from the payment of that judgment or the debt upon which such judgment was recovered, an order shall be made directing said judgment to be canceled and discharged of record; and thereupon the clerk of said court shall cancel and discharge the same by entering on the record or in the margin of

Page 5
August 16, 2010

> the record of judgment, that the same is canceled and discharged by order of the court, giving the date of entry of the order of discharge. Where the judgment was a lien on real property owned by the bankrupt prior to the time he was adjudged a bankrupt, and not subject to be discharged or released under the provisions of the Bankruptcy Act, the lien thereof upon said real estate shall not be affected by said order and may be enforced, but in all other respects the judgment shall be of no force or validity, nor shall the same be a lien on real property acquired by him subsequent to his discharge in bankruptcy.

N.J. Stat. Ann. § 2A:16-49.1 (West 2010).

The Defendants mistakenly read this statute to allow them a one-year grace period after a debtor's confirmation to perfect their judicial lien on any real property acquired after the petition date. However, this interpretation is simply not supported by the text of the statute or relevant case law. "The intent of N.J.S.A. 2A:16-49.1 is to provide the bankrupt debtor with an ancillary remedy within our state system to assure that judgments intended to be discharged under federal bankruptcy law will not continue to cloud the marketability of title to property owned by the debtor." *Chemical Bank v. James*, 354 N.J. Super. 1, 8 (N.J. Sup. Ct. App. Div. 2002) (citation omitted). The reference to "1 year" in section 2A:16-49.1 refers only to the time period a discharged debtor must wait before moving under the statute to have a judgment cancelled and discharged of record in the state court. However, this does not affect the operation of §§ 727 and 524, which render the judgment void on the date of discharge by the Bankruptcy Court and enjoin all further collection activities, irrespective of whether the Debtor cancelled the judgment under the state statute.

## **CONCLUSION**

For the reasons stated above, the Court finds that the Defendants' attempted levies on a judgment that was discharged by the Debtor's bankruptcy violated the discharge injunction of § 524. Accordingly, summary judgment is granted against the Defendants and in favor of the Plaintiff. The Plaintiff shall have twenty (20) days to file a certification of damages incurred as a result of the violation, including counsel fees and costs incurred in the within matter, after which the Court shall make a determination of the appropriate sum to be awarded.

Page 6
August 16, 2010

      An Order in conformance with this Opinion has been entered by the Court and a copy attached hereto.

                                    Very truly yours,

                                    s/    *Donald H. Steckroth*

                                  DONALD H. STECKROTH
                                  UNITED STATES BANKRUPTCY JUDGE

Enclosure